PEACOCK, CHAPMAN & COMPANY, plaintiffs in error, vs. BENAJAH PEACOCK, defendant in error.

1. Where a motion was made, served and filed at the proper time for a a new trial, and before the brief of testimony was agreed upon, approved and filed, the judge, of his own motion, set aside the verdict as contrary to his charge, and on exception filed, his order was reversed by this court: *Held*, that it was not error in the judge, at the term of the return of the *remittitur* from this court, to permit the movant to file his brief of testimony, and to approve the same, and then to hear and determine the motion.

2. There was no error in the judgment granting the new trial.

New trial. Practice in the Superior Court. Before Judge JAMES JOHNSON. Muscogee Superior Court. May Term, 1874.

Benajah Peacock brought complaint against Peacock, Chapman & Company on a due-bill for $730 57, dated April 6th, 1871. The defendants pleaded part payment of $350 00, and set-off amounting to $388 61. The case came on for trial at the May term, 1873, when the jury returned a verdict for the plaintiff for $8 51. The court, on its own motion, immediately upon the return of the verdict, set the same aside and ordered a new trial, because contrary to the charge and the evidence. No brief of the testimony was filed. This ruling was reversed *for irregularity* by this court: See 50*th* *Georgia Reports*, 595.

On the return of the *remittitur* at the May term, 1874, the plaintiff presented a motion for a new trial, together with a brief of evidence. The defendants objected to the hearing of this motion, because not made at the term during which the trial was had, and because no brief of the testimony was then filed. The objection was overruled and defendants excepted.

The verdict was manifestly contrary to the evidence. The charge of the court is not embraced either in the bill of exceptions or the record.

The court ordered a new trial, and the defendants excepted.

Error is assigned upon each of the above grounds of exception.

PEABODY & BRANNON, for plaintiffs in error.

BLANDFORD & GARRARD ; B. B. HINTON, for defendant.

McCAY, Judge.

1. There was, in fact, no judgment of the court, not even a verdict, until the return of the *remittitur*. The verdict had been set aside by the order of the court. True, the plaintiff excepted, and that judgment was reversed; but it was the judgment of the court until it was reversed. Had there been no exception taken, would the parties not have been bound by it? The judgment would have been a decisive judgment or decree of the court, the subject matter of a bill of exceptions and would have concluded the parties had they not excepted to it. And so they thought, and did except. Suppose the verdict had not been put on the minutes, and a motion made at the next term to put it on the minutes *nunc pro tunc?* Would not a motion for new trial then be in time? The statute requiring a motion for new trial to be made at the term of the trial, is to be construed reasonably. True, one of the reasons of it is, that then is the best time to get at the facts, the parol rulings, and a brief of the testimony. But another, and the ancient reason, was that the record was complete within four days, and the parties had a right to treat the litigation ended : See *Spann vs. Clark,* 47 *Georgia,* 374 ; *Goody vs. Hightower,* 1 *Kelly,* 252, (4th head-note) ; *Tarver vs. McKay,* 15 *Georgia,* 368 ; *Candler vs. Hammond,* 23 *Georgia,* 414. Assuming that the defendant was entitled to a new trial on the merits of his case, it would be a total perversion of the intention of the new trial laws to deny it because he did not, under the circumstances, move for it at the term. The judge, of his own motion, set aside the verdict. He had nothing to move for. To move would have been disrespectful to the court,

since to do so, he would have to refuse to recognize the order of the court. The act of the court ought not to injure any man. It must also be remembered that a motion was, in fact, made at the proper term, and service of it acknowledged. The motion was not completed by filing a brief of the testimony, because of the order of the judge setting aside the verdict. Why does not the party have a right to amend his motion by now filing the brief? See *Pope vs. Toombs,* 20 *Georgia,* 762; *Dunn vs. Crozier,* 17 *Georgia,* 70; *Hamilton vs. Conyers,* 25 *Ibid.,* 158; 41 *Ibid.,* 557.

2. Upon the merits of the motion, we think there was no abuse of the discretion of the court. The verdict was not sustained by the evidence. The jury doubtless did as they thought right. Perhaps, in good morals, the father ought to pay this debt; but the obligation to do so is not made out according to law, and courts and juries are bound by the law. There are many imperfect obligations, which, whilst men of high honor acknowledge them, the law does not recognize, and so far as we can judge, this seems to be one of them.

Judgment affirmed.